**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

WORLD WRESTLING
ENTERTAINMENT, INC.,

        Plaintiff,

v.                                               Case No:  6:17-cv-504-Orl-40GJK

DEGESREE ROOPNARINE GIBBS,
MARY NADINE MODARELLI, STEVE
EDWARD WRIGHT, DONALD
THOMAS SIMON, JOHN AND JANE
DOES 1-100, And XYZ
CORPORATIONS 1-100,

        Defendants.
_____/

**PRELIMINARY INJUNCTION AND ORDER OF SEIZURE OF COUNTERFEIT GOODS**

Plaintiff World Wrestling Entertainment, Inc. ("WWE") having moved by Order to Show Cause for an injunction enjoining and restraining defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise that bear any mark, word, or name identical or confusingly similar to any of the WWE trademarks and service marks set forth in Exhibits 1 and 2 hereto or the names or likenesses of any of WWE's current wrestlers (collectively, the "WWE Marks"), and service of the summons and complaint having been effected upon four individuals; and WWE's application for a preliminary injunction and order of seizure having come for a hearing before the Honorable Paul G. Byron, United States District Judge, on **Thursday, April 6, 2017, at 1:00 p.m.** in Courtroom #4B, George C. Young United States Courthouse Annex, 401 W.

Central Boulevard, Orlando, Florida, and defendants having been notified of said hearing, and WWE having appeared by its counsel, and there having been no other appearances,

NOW, on presentation and consideration of Plaintiff's Verified Complaint, the *Ex Parte* Motion For Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion"), the Memorandum and Declaration in support of the Motion, and all other pleadings and proceedings presented to the Court, and good cause having been shown, the Court makes the following findings of fact and conclusions of law:

1. Plaintiff World Wrestling Entertainment, Inc. ("WWE"), exclusively owns or controls the numerous trademarks and service marks associated with its wrestling entertainment business, including, but not limited to, the marks set forth in Exhibits 1 and 2 hereto, (collectively, the "WWE Marks"). WWE has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE also exclusively owns or controls all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Counterfeit Merchandise." All of the WWE Marks are either currently pending or registered with the United States Patent and Trademark Office; Defendants' manufacturing, selling, offering for sale, distributing, or offering to distribute the Counterfeit Merchandise is likely to result in immediate and irreparable injury to WWE if the seizure of the Counterfeit Merchandise is not ordered;

2.      Defendants, Degesree Roopanarine Gibbs, Mary Nadine Modarelli, Steve Edward Wright, and Donald Thomas Simon (hereinafter, the "Named Defendants") are not licensed by WWE to use the registered WWE Marks;

3.      The Named Defendants have infringed the registered WWE Marks and have engaged in, and are likely to continue to engage in, unfair competition against WWE by manufacturing, distributing, offering for sale, and/or selling, within the United States, the Counterfeit Merchandise on the premises or within a five-mile radius of the venues where WWE events shall occur, including those events set forth in Exhibit 3 hereto;

4.      The Counterfeit Merchandise and other materials subject to this Order were located on the premises or within a five-mile radius of the venues where WWE's WrestleMania® 33 Weekend Events occurred in Orlando from March 30 through April 4, 2017, and will be located on the premises or within a five-mile radius of halls, arenas, stadiums, or other venues where other WWE events shall be occurring during the nationwide series of live events as reflected on Exhibit 3 hereto;

5.      The Court further finds: (a) WWE is likely to succeed in showing that the Named Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale, or distribution of goods or services; (b) WWE will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant a preliminary injunction and order of seizure; (c) the harm to WWE should this Court not grant the preliminary injunction and order of seizure clearly outweighs any harm which the Named Defendants might incur if the preliminary injunction and order of seizure is granted; and (d) the public interest is served with the issuance of the preliminary injunction and order of seizure;

6. The Court has the authority under 15 U.S.C. § 1116(a), to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); to grant a seizure order for goods that bear counterfeits of trademarks and service marks under 15 U.S.C. § 1116 (a) and (d); and to grant under the All Writs Act, 28 U.S.C. § 1651, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d). The Court finds that no order other than the requested preliminary injunction and order of seizure would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1125

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Named Defendants—Degesree Roopanarine Gibbs, Mary Nadine Modarelli, Steve Edward Wright, and Donald Thomas Simon—along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, **ENJOINED and RESTRAINED** from:

    (a) Manufacturing, assembling, selling, offering for sale, distributing, or offering to distribute any merchandise which has not been authorized by Plaintiff and which bears any of the Federal Trademarks listed in Exhibits 1 and 2;

    (b) Representing by any method whatsoever that the Counterfeit Merchandise was sponsored, manufactured, sold, or licensed by Plaintiff and otherwise taking any action likely to cause confusion, mistake, or deception on the part of the public as to the origin of the Counterfeit Merchandise.

2. Any duly sworn law enforcement officer of any federal, state, county, or local law enforcement agency, and any person acting under their supervision (collectively "Enforcement Officials") are hereby **AUTHORIZED** and **DIRECTED** to seize and maintain

in their custody and control any and all Counterfeit Merchandise and counterfeit marks, and the means of making them, and records documenting the manufacture, sale, or receipt of things relating thereto, in the possession, dominion, or control of the Named Defendants, their agents, or persons acting in concert or participation with them, including all such Counterfeit Merchandise and counterfeit marks located in or on any containers, vessels, or motor vehicles.  All seized items shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorney.  The seized goods shall be kept in identifiable containers.  If the Named Defendants from whom such merchandise is seized do not move for relief in accordance with this Order within thirty (30) days of said seizure, said merchandise shall be delivered up to Plaintiff for destruction or other disposition upon final resolution of this matter.

3. The Enforcement Officials acting hereunder are authorized to carry out the foregoing on the premises or within a five-mile radius of the venues where WWE's live events shall occur, including as set forth in Exhibit 3, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event.

4. The Named Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder, shall provide the items sought to be seized wherever such items are maintained and shall provide their correct names, residential and business addresses and telephone numbers.

5. Simultaneously with any seizure made pursuant to this Order, or as soon thereafter as is practical under the circumstances, each the Named Defendant shall be served with a copy of this Order together with the Complaint in this action, by the United

States Marshal, state or local police, local deputy sheriffs, or by any person over the age of 18 years who is not a party to this action.

6. Any of the Named Defendants who is hereafter served with a copy of this Order and objects to the provisions hereof may submit his or her objections to the Court or otherwise move for relief from the Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

7. The Injunction Bond posted by WWE on March 30, 2017, in the amount of $10,000 shall remain in full force and effect throughout the duration of this Order.

8. This Order shall expire twenty-four (24) hours after the March 27, 2018 WWE live event listed on Exhibit 3 hereto.

**IT IS FURTHER ORDERED** that within one month of the expiration of this Order, WWE shall file any necessary motions and/or request for a Final Hearing in this Action.

**DONE AND ORDERED** in Orlando, Florida, on April 7, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties